

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 21, 1958

Hon. Coke R. Stevenson, Jr.　　　　Opinion No. WW-483
Administrator
Texas Liquor Control Board　　　　Re:　The authority of
1300 Guadalupe Street　　　　　　　　the Comptroller
P. O. Box 56　　　　　　　　　　　　　of Public Accounts
Austin 61, Texas　　　　　　　　　　to refund or give
　　　　　　　　　　　　　　　　　　credit on future
　　　　　　　　　　　　　　　　　　tax payments for
　　　　　　　　　　　　　　　　　　overpayment of taxes
　　　　　　　　　　　　　　　　　　on alcoholic beverages
　　　　　　　　　　　　　　　　　　damaged or otherwise
　　　　　　　　　　　　　　　　　　unfit for human con-
Dear Mr. Stevenson:　　　　　　　　sumption.

　　　　We quote from your opinion request as follows:

　　　　"From time to time this department receives
requests for refunds of State taxes paid on al-
coholic beverages that are for one reason or
another not consumed in the State of Texas.　On
frequent occasions, alcoholic beverages are
damaged or become so old that they are unfit
for human consumption.　. . ."

　　　　". . .For a number of years the Board has
allowed such refunds to individuals and concerns
who are no longer doing business, and in addition
have allowed credits on future tax payments to
those individuals and concerns doing business in
this state at the time of the refund request.

　　　　". . .

　　　　"Recently the question of allowing refunds or
credits on future tax payments for overpayment of
taxes and alcoholic beverages damaged or otherwise
unfit for human consumption has been questioned by
officials of the State Comptrollers Department.　It
is for this reason we respectfully request your
valuable opinion as to the Board's authority in
approving such requests for refunds and credits
of State taxes paid."

By alcoholic beverages, we assume that you refer to those beverages listed and defined in both Chapter I and Chapter II of The Texas Liquor Control Act. Articles 666-1 et seq., V.A.C.S. Therefore, we quote the provisions applicable to both:

"Art. 666-21. There is hereby levied and imposed on the first sale in addition to the other fees and taxes levied by this Act[1] the following:

" . . .

"The term 'first sale' as used in Article I of this Act shall mean and include the first sale, possession, distribution, or use in this State of any and all liquor refined, blended, manufactured, imported into, or in any other manner produced or acquired, possessed, or brought into this State.

" . . .

" . . . Any person authorized to export liquor from this State having in his possession any liquor intended for shipment to any place without the State, shall keep such liquors in a separate compartment from that of liquors intended for sale within the State so that the same may be easily inspected and shall attach to each such package of liquor so intended for shipment without the State a stamp of the kind and character that shall be required by proper rule or regulation denoting that the same is not intended for sale within the State. When such liquors are so kept and so stamped no tax on account thereof shall be charged. . . .

" . . .

"Art. 666-21½. In addition to all other fees and taxes, there is hereby levied and imposed on the first sale the following:

" . . .

"The term 'first sale' as used in this section shall mean and include the first sale, possession, distribution, or use in this State of any and all liquor refined, blended, manufactured, imported into, or in any other manner produced or acquired, possessed, or brought into this State; but shall not include sales

of liquor by permittees authorized to sell at retail
only where such sales are made from stocks on hand and
in possession of such permittee on the effective date
of this section.

"Art. 667-23.  There is hereby levied and
assessed a tax at the rate of Four Dollars and
Thirty Cents ($4.30) per barrel on the first
sale of all beer manufactured in Texas and on
the importation of all beer imported into this
State.  As amended Acts 1954, 53rd Leg., 1st
C.S., p. 3, ch. 2, Art. IV, § 1; Acts 1955, 54th
Leg., p. 1080, ch. 404, Art. III, § 1.

"Art. 667-23½(a).  The tax levied in Sec-
tion 23 of Article II of the Texas Liquor Control
Act[1] is levied only on its first sale in Texas or
only on its importation into Texas, whichever
shall first occur.

". . .

"(d).  It is not intended that the tax
levied in Section 23 of Article II of the Texas
Liquor Control Act shall be collected on beer
shipped out of this State for consumption outside
this State, or sold aboard ships for ship's supplies,
or on beer shipped to any installation of the
National Military Establishment, wherein the State
of Texas has ceded police jurisdiction, for con-
sumption by military personnel within said instal-
lation, and the Board shall provide forms on which
Distributors and Manufacturers may claim and obtain
exemption from the tax on such beer.  If any
Distributor or Manufacturer has paid the tax on
any beer and thereafter said beer is shipped out
of this State, for consumption outside this State,
or sold aboard ships for ship's supplies, or is
shipped into any installation of the National
Military Establishment as referred to above, for
consumption by military personnel therein, a claim
for refund may be made at the time and in the manner
prescribed by the Board or Administrator.  So much
of any funds derived hereunder as may be necessary,
not to exceed two per cent (2%) thereof, is hereby
appropriated for such purpose.  The Board may promul-
gate rules and regulations generally for the enforce-
ment of this provision.

"Art. 667-23a.  In addition to all other taxes, there is hereby levied and assessed a tax at the rate of ten per cent (10%) of One Dollar and twenty-four cents ($1.24) per barrel on the first sale of all beer manufactured in Texas and on the importation of all beer imported into this State.

"The tax levied herein is levied only on its first sale in Texas or only on its importation into Texas, whichever shall first occur.

". . .

"On beer manufactured in this State the duty of paying the tax shall rest primarily upon the manufacturer, and said tax shall become due and payable on the fifteenth day of the month following that month in which the first sale of said beer was made in this State."

The transaction upon which the above-described tax is levied is clearly set forth in the foregoing statutes. The term "first sale" has been given a definite fixed meaning.  The one who first comes into possession of alcoholic beverages within this state, by whatever means the same is brought about, must stamp such beverages before placing same in storage or before again selling or disposing of the same in any manner.  Attorney General's Opinion No. 0-2000.

Refund provisions are equally as well defined.  We have carefully reviewed the statutes and have failed to find any provision for making a refund of taxes on alcoholic beverages required to be stamped which were subsequently damaged or otherwise made unfit for human consumption.

You are therefore respectfully advised that no such refund may be made and no credit on future tax payments may be given therefor.

### SUMMARY

The Comptroller of Public Accounts is not authorized to make refund or give credit on future tax payments for overpayment of

taxes on alcoholic beverages damaged or otherwise unfit for human consumption.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Jack N. Price
Jack N. Price
Assistant Attorney General

JNP:ba

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

J. Arthur Sandlin
J. Milton Richardson
Marietta McGregor Payne

REVIEWED FOR THE ATTORNEY GENERAL

By:  W. V. Geppert